487 P.2d 316

Donald A. WILLIAMSON, Plaintiff and Appellant,

v.

The DENVER AND RIO GRANDE WEST-ERN RAILROAD COMPANY, a corporation, Defendant and Respondent.

No. 12387.

Supreme Court of Utah.

July 8, 1971.

C. C. Patterson, Robert V. Phillips, of Patterson, Foley, Phillips & Gridley, Ogden, for plaintiff-appellant.

Clifford L. Ashton, Richard W. Giauque, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendant-respondent.

HENRIOD, Justice.

Appeal from a no cause of action judgment entered on a jury verdict. Affirmed with costs to the defendant.

Two causes of action were involved here, both based on alleged injuries suffered while working on the railroad. The first occurred November 25, 1967, and on March 4, 1968, after having been examined by two competent doctors, both of whom concluded that plaintiff suffered no spinal injuries, the latter signed a full release upon payment to him of an agreed amount. Thereafter, plaintiff saw a third doctor in June, 1968, who diagnosed a pain, about which plaintiff complained, as a mild sciatic neuritis, presumably on the basis of a disc problem. On cross-examination, however, this doctor more or less agreed with the diagnoses of the other doctors when he conceded that one normally expects symptoms of such disc injury to occur soon after the injury, which in this case plaintiff did not complain of until over seven months after his injury, and in which case one would look for some other cause for the back problem, and he agreed that the sciatic symptoms were not the result of the second accident which occurred four months after his examination of plaintiff. The medical testimony abstracted above reasonably could lead a jury to accept the testimony of the first two doctors as opposed to the rather equivocal testimony of the third.

All of which brings us to the conclusion that the first cause of action, claimed by plaintiff to have been based on an injury that was aggravated by the second

injury occurring in October, 1968, is without merit, in light of the fact that the instruction plaintiff urges that the court should have given was not proposed by the plaintiff and the instructions given by the court on that aspect of the case were not excepted to, which failures cannot be made a matter of review for the first time on appeal, as this court often has said. The same principle applies to Point III which was an objection to the giving of a special interrogatory to which no exception was directed.

As to the remaining point on appeal, that the verdict on the second cause of action was contrary to the law and evidence, we simply answer that there was evidence to support a reasonable conclusion there was no accident, or if there were one, it was caused solely by plaintiff, or that there was no compensable negligence, since, among other things, with three switchmen in the vicinity, no one saw or could corroborate the occurrence which plaintiff alleges, and whom the jury had no absolute obligation to believe, in addition to the fact that there was testimony that it was not unusual for the equipment to be uncovered, (the basis for the complaint) and there was a switch light directly above the piece of equipment that could warn one of the presence of the alleged faulty equipment.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.